J. S17040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JIMALL RANDALL, : No. 1947 EDA 2018
:
Appellant :

Appeal from the PCRA Order Entered June 5, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0740531-1991

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2019**

Jimall Randall appeals from the June 5, 2018 order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On March 19, 1992, a jury found appellant guilty of second-degree murder, robbery, criminal conspiracy, and possessing instruments of crime[1] in connection with the December 30, 1990 shooting death of Harvey Bryant in Philadelphia.[2]  On March 22, 1994, appellant was sentenced to life imprisonment for second-degree murder and a concurrent

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(1), 903(a), and 907(a), respectively.

[2] Appellant incorrectly indicates in his brief that this incident occurred in May of 1991, the month he was arrested.  (**See** appellant's brief at 6.)

term of 5 to 10 years' imprisonment for the remaining convictions. No direct appeal was filed. Appellant filed a **_pro se_** PCRA petition on August 15, 2012, and an amended petition, styled as a petition for writ of **_habeas corpus_**, on May 31, 2017. David Rudenstein, Esq. ("PCRA counsel"), was appointed to represent appellant and filed an amended petition on his behalf on October 31, 2017. Following the issuance of a Pa.R.Crim.P. 907(1) notice on May 8, 2018, the PCRA court dismissed appellant's petition without a hearing on June 5, 2018. This timely appeal followed.

Appellant raises the following issue for our review: "Did the PCRA [c]ourt err when it dismissed [appellant's] amended PCRA Petition without a hearing, denying sought-after relief for 'Juvenile Life'?" (Appellant's brief at 3.)

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **_Commonwealth v. Miller_**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **_Commonwealth v. Lawson_**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **_Commonwealth v. Hickman_**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on April 21, 1994, 30 days after the time for filing a direct appeal with this court expired. Accordingly, appellant had until April 21, 1995 to file a timely PCRA petition. Appellant's initial petition was filed on August 15, 2012, over 18 years after his judgment of sentence became final and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

To the extent appellant attempts to invoke the new constitutional right exception based on *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), appellant's claim fails. Appellant concedes that he was **18 years old**[3] at the time he committed the offenses, but argues that his sentence of life imprisonment is unconstitutional under *Miller* and *Montgomery* because he was "in a transitory phase of developed adolescent." (Appellant's brief at 6.) In support of this claim, appellant cites to a number of scientific studies concluding that the brain is not fully developed until the mid-twenties, and argues that an undeveloped brain mitigates his culpability. (*Id.* at 7-8.) Appellant asks this court to expand the holding in *Miller* to apply to him, as an individual over the age of 18 at the time of his offense, given his "developing adolescent" nature. (*Id.* at 7.) We decline to do so.

In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age

---

[3] The record reflects that appellant was born in October 1972, making him 18 years and 2 months old at the time he committed the offense.

of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. In *Montgomery*, the Supreme Court held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736.

Upon review, we find that appellant's assertion of incomplete brain development fails to present either an exception to the PCRA time-bar, or a basis for PCRA relief. Appellant's argument seeks an extension of *Miller* beyond the stated limits of its holding. Courts in this Commonwealth have continually declined to do so. *See Commonwealth v. Furgess*, 149 A.3d 90, 91-94 (Pa.Super. 2016) (holding that petitioners' contention that *Miller* should be extended to persons over age 18 whose brains were immature at time of their offenses did not bring petition within exception to time-bar for petitions asserting a newly recognized constitutional right); *Commonwealth v. Lee*, ___ A.3d ___, 2019 WL 986978, at *8 (Pa.Super. 2019) (*en banc*) (holding that, "we find it untenable to extend *Miller* to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii).").[4]

---

[4] To the extent appellant attempts to invoke this claim in the context of trial counsel's purported ineffectiveness (*see* appellant's brief at 8), we note that claims of trial counsel ineffectiveness generally do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. *See Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA).

J. S17040/19

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19